IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEFFREY W. POPE                                                   PLAINTIFF

v.                    CIVIL NO. 5:18-CV-5156

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jeffrey Pope, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on May 21, 2015, and May 28, 2015, respectively, alleging an inability to work since November 12, 2014, due to major depressive disorder, anxiety disorder, diabetic, neuropathy in toes from diabetes, hypertension, and slight curvature of the spine. (Tr. 69, 81, 95, 108). For DIB purposes,

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Plaintiff maintained insured status through December 31, 2018. (Tr. 69, 81, 95, 108). An administrative hearing was held on August 21, 2017, at which Plaintiff and a vocational expert testified. (Tr. 37-66).

By written decision dated November 1, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of depression, social anxiety, and obsessive-compulsive disorder. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18-20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [Plaintiff] is able to perform simple, routine & repetitive tasks, with regular breaks every 2 hours. His job should not involve over-the-shoulder type supervision. He is able to interact with supervisors as needed to receive work instructions. The [Plaintiff] is able to work in proximity to co-workers but should have no more than occasional direct work interaction with co-workers. He should never interact with the general-public. The job should not involve more than ordinary and routine changes in work setting or work duties.

(Tr. 20). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a conveyor feeder offbearer, a floor waxer, and an industrial sweeper cleaner. (Tr. 30). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from November 12, 2014, through the date of the decision. (Tr. 30).

Subsequently, Plaintiff requested a review of the hearing decision by the Appeals Council, and that request was denied on June 11, 2018. (Tr. 1-6). Subsequently, Plaintiff filed

this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 23rd day of July, 2019.


                                             /s/ *Erin L. Wiedemann*
                                             HON. ERIN L. WIEDEMANN
                                             UNITED STATES MAGISTRATE JUDGE